IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                                                    OPINION AND ORDER

                Plaintiff,

                                                    20-cv-404-bbc

     v.

STATE OF WISCONSIN and WISCONSIN
DEPARTMENT OF JUSTICE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and injunctive relief, pro se plaintiff Khaled Shabani alleges that defendant Wisconsin Department of Justice violated his constitutional rights and discriminated against him by not prosecuting the Madison Police Department and defendant State of Wisconsin for unconstitutionally provoking judges to dismiss the cases he has filed about the police.  Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed plaintiff's complaint under this standard, I conclude that plaintiff's allegations do not state a federal claim upon which relief may be granted.  Therefore, the complaint will be dismissed.

1

OPINION

Plaintiff broadly asserts that defendant Wisconsin Department of Justice failed to prosecute the Madison Police Department and judges with defendant State of Wisconsin wrongly dismissed cases that he filed against police officers. As an initial matter, plaintiff cannot proceed on any claims against the State of Wisconsin or the Wisconsin Department of Justice because these proposed defendants are state entities that may not be sued under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 67 (1989) (only "persons" may be sued under § 1983); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012). In addition, the Eleventh Amendment bars suits by private citizens against a state entity in federal court. Will, 491 U.S. at 64; Edelman v. Jordan, 415 U.S. 651, 663 (1973); Ryan v. Illinois Department of Children and Family Services, 185 F.3d 751, 758 (7th Cir. 1999).

However, even if plaintiff had named the individuals allegedly responsible for the alleged actions against him, his allegations do not state any constitutional claim for relief. Plaintiff's claims that state officials failed to prosecute the Madison Police Department and that state court judges wrongly dismissed his case are barred by the doctrines of judicial and prosecutorial immunity. These doctrines bar constitutional claims for actions taken by judges within the scope of their judicial authority and actions taken by prosecutors in their roles as advocates in court proceedings. Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Buckely v. Fitzsimmons, 509 U.S. 259, 273 (1993) (discussing prosecutorial immunity).

In addition, this court does not have the authority to order the prosecution of city

police officers, which is a decision left to the discretion of state and local officials. This court also lacks the authority to review the decision of a state court judge. Under the Rooker-Feldman doctrine, a party "complaining of an injury caused by [a] state-court judgment" cannot seek redress in a lower federal court. Exxon Mobil Corp. v. Saudi Industries Corp., 544 U.S. 280, 291-92 (2005); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Rather, litigants who believe that a state court proceeding has violated their rights must appeal that decision through the state court system and then, if appropriate, to the United States Supreme Court. Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010). Therefore, if plaintiff wants to challenge the decision of a state court judge, he must do so in state court.

## ORDER

IT IS ORDERED that plaintiff Khaled Shabani's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

Entered this 28th day of May, 2020.

                                BY THE COURT:

                                /s/
                                _____
                                BARBARA B. CRABB
                                District Judge